# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IVAN MATTHEWS,

    Plaintiff,

  v.

E. S. ALAMEIDA, JR., et al.,

    Defendants.

CASE NO. 1:05-CV-00016-OWW-SMS-P

ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND

(Doc. 1)

I.    Screening Order

    A.    Screening Requirement

Plaintiff Ivan Matthews ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 4, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B. Summary of Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at California State Prison-Corcoran, where plaintiff is presently incarcerated. Plaintiff names as defendants prison employees E. S. Alameida, J. Martinez, J. Hernandez, Reverra, B. Streeter, H. Pope, and Alafa. Plaintiff is seeking money damages and injunctive relief. Plaintiff alleges that defendants denied him access to the courts.

C. Plaintiff's Section 1983 Claim

1. Denial of Access to the Courts

Plaintiff's claim stems from defendants' alleged hindrance of plaintiff's ability to litigate his own court actions and plaintiff's ability to assist other inmates in litigating their court actions.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id.

Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries and legal assistance programs are only the means of ensuring access to the courts. Id. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance

program is subpar in some theoretical sense." Id. Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.

Plaintiff's exhibits establish that he had thirty days from August 2, 2004, within which to file an amended petition for writ of habeas corpus. Plaintiff alleges that upon his arrival at CSP-Corcoran on August 5, 2004, he informed defendant Pope that he had a court deadline, and defendant Pope responded on August 7, 2004, by telling plaintiff to fill out a deadline form and return it. Plaintiff alleges that he was never called to the library and his petition was dismissed for failure to comply with the court's order. However, plaintiff does not allege that he complied with defendant's directive, which was issued in time for plaintiff to have returned the form and been summoned to the law library.

If plaintiff complied with the requirements for obtaining access to the law library in order to respond to a court deadline, which in this instance appears to have been filling out a deadline form, and plaintiff suffered the dismissal of his petition because he was unable to comply with the court's order, plaintiff may pursue a claim for relief against defendant Pope under section 1983. However, plaintiff's complaint fails to state such a claim currently because there is no indication that defendant Pope caused the dismissal of plaintiff's petition by failing to summon plaintiff to the law library *after* plaintiff complied with the requirement for obtaining priority access by submitting the form he was told to submit. Plaintiff will be provided with the opportunity to file an amended complaint curing these deficiencies.

Regarding the remaining allegations against the other defendants, plaintiff has not alleged any facts demonstrating that he suffered any actual injury. The obstruction of access to the law library and legal material rises to the level of a constitutional violation only if it leads to an actual injury. No such injury has been alleged.

In addition, the court notes that plaintiff drafted and signed the complaint in this action on December 28, 2004. Plaintiff's claim of denial of access to the courts encompasses events that were occurring up to the time of the filing of the complaint. Plaintiff may not pursue any claims in this action unless they were fully exhausted by the time he filed this suit. 42 U.S.C. § 1997e(a); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). It is unlikely that all of the events

3

complained of in the complaint were exhausted at the time suit was filed, given some of the dates set forth in the complaint. Plaintiff is cautioned not to include in his amended complaint any claims based on events that were unexhausted at the time suit was filed.

        2.       Other Constitutional Violations

Plaintiff alleges that the events at issue in this action also violated his rights under the Equal Protection Clause and the Privileges and Immunities Clause. As set forth below, these claims are not cognizable.

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). Plaintiff has not alleged any facts that would support a claim for relief for violation of the Equal Protection Clause.

"[T]he Privileges and Immunities Clause 'reliev[es] state citizens of the disabilities of alienage in other States . . . .'" Ponderosa Dairy v. Lyons, 259 F.3d 1148, 1156 (9th Cir. 2001) (quoting Paul v. Virginia, 75 U.S. 168, 180 (1869)). "Discrimination on the basis of out-of-state residency is a necessary element for a claim under the Privileges and Immunities Clause." Giannini v. Real, 911 F.2d 354, 357 (9th Cir. 1990). The complaint is devoid of any allegation that supports a violation of the Privileges and Immunities Clause.

    D.       Conclusion

The court finds that plaintiff's complaint does not contain a claim upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

1    Plaintiff is informed he must demonstrate in his complaint how the conditions complained
2    of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d
3    227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is
4    involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
5    connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S.
6    362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
7    743 (9th Cir. 1978).

    Further, under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

    Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///

///

5

1  Accordingly, based on the foregoing, it is HEREBY ORDERED that:

2  1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;

3  2. The Clerk's Office shall send plaintiff a civil rights complaint form;

4  3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

5  4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   January 6, 2006**          /s/ Sandra M. Snyder
icido3                      UNITED STATES MAGISTRATE JUDGE