# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN MATTHEWS, | CASE NO. 1:05-CV-00016-OWW-SMS-P |
| Plaintiff, | ORDER DENYING REQUESTS FOR ENTRY OF DEFAULT |
| v. | (Docs. 11 and 17) |
| E. S. ALAMEIDA, JR., et al., | ORDER DENYING MOTION FOR LEAVE TO AMEND AS MOOT |
| Defendants. | (Doc. 12) |
| | ORDER ADDRESSING NOTICE |
| | (Doc. 18) |

_____/

Plaintiff Ivan Matthews ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 7, 2005, plaintiff filed a request for the entry of default and a motion to amend his complaint. On July 14, 2005, plaintiff filed another request for the entry of default. On August 19, 2005, plaintiff filed a notice stating that he had not been notified of any developments in his case and that more than thirty days had passed without a response from defendants.

With respect to plaintiff's requests for the entry of default, entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise. Fed. R. Civ. P. 55(a). Defendants are not in default. The court

1

has not yet ordered the Marshal to initiate service of process on defendants. Until defendants are served, they are under no obligation to make an appearance in this action. As set forth in paragraph twelve of the First Informational Order, service will not occur until a finding has been made that plaintiff's complaint contains cognizable claims for relief.

In a separate order issued concurrently with this order, the court dismissed plaintiff's complaint for failure to state a claim upon which relief may be granted and ordered plaintiff to file an amended complaint. In light of that dismissal, plaintiff's motion for leave to amend is denied as moot. Because plaintiff attempted to amend his complaint by submitting a separate amendment containing a new claim, the court deems it necessary to inform plaintiff that he may not amend piecemeal by submitting separate amendments to his complaint. If plaintiff wishes to amend at any future date, his amended complaint must be complete within itself and contain all of plaintiff's claims. Local Rule 15-220.

Finally, with respect to plaintiff's notice regarding the inactivity in his case, as long as plaintiff keeps the court informed of his current address, plaintiff will be informed of any activity in his case whenever the court takes action. Plaintiff should not seek updates from the court, and should familiarize himself with the First Informational Order, as paragraph twelve specifically serves to explain the delay between the date plaintiff was granted leave to proceed in forma pauperis and the issuance of order screening his complaint and directing him to file an amended complaint.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's requests for the entry of default, filed July 7, 2005, and July 14, 2005, are DENIED;

2. Plaintiff's motion for leave to amend, filed July 7, 2005, is DENIED as moot; and

3. Plaintiff's notice filed August 19, 2005, is deemed addressed.

IT IS SO ORDERED.

**Dated:   January 6, 2006**            /s/ Sandra M. Snyder
icido3                                  UNITED STATES MAGISTRATE JUDGE