1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    IVAN MATTHEWS,                                    CASE NO. 1:05-CV-00016-OWW-SMS-P

10                          Plaintiff,                  ORDER DENYING MOTION FOR
                                                        RECONSIDERATION, AND DIRECTING
11          v.                                          CLERK'S OFFICE TO RETURN PLAINTIFF'S
                                                        PROPOSED AMENDED COMPLAINT TO
12    E. S. ALAMEIDA, JR., et al.,                      PLAINTIFF

13                          Defendants.                 (Doc. 26)

14                                                      NOTICE TO PLAINTIFF THAT NO FURTHER
                                                        MOTIONS WILL BE CONSIDERED BY THE
15                                                      COURT UNLESS THEY RELATE TO A
                                                        PROPERLY FILED APPEAL
16    _____/

17

18          Plaintiff Ivan Matthews ("plaintiff") is a state prisoner proceeding pro se and in forma

19    pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On March 29, 2006, the Court

20    dismissed this action, without prejudice, for failure to obey the Court's order and failure to state a

21    claim upon which relief may be granted.  On April 5, 2006, plaintiff filed an opposition to the

22    Court's order.  There is no provision for an "opposition" to the Court's order.  The Court shall

23    construe plaintiff's motion as one for reconsideration.

24          Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

25    district court.  The Rule permits a district court to relieve a party from a final order or judgment on

26    grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse

27    party, . . . or (6) any other reason justifying relief from the operation of the judgment."  Fed. R. Civ.

28    ///

1

1  P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not

2  more than one year after the judgment, order, or proceeding was entered or taken." Id.

3        Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin

4  Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)

5  (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce

6  the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634

7  F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th

8  Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit

9  has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding

10  clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986)

11  (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is

12  reserved for 'extraordinary circumstances.'" Id. When filing a motion for reconsideration,  Local

13  Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist

14  which did not exist or were not shown upon such prior motion, or what other grounds exist for the

15  motion."

16        Motions for reconsideration are disfavored, and are not the place for parties to make new

17  arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc.,

18  841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the Court to rethink

19  what it has already thought.  United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998).

20  Plaintiff has set forth no meritorious arguments in support of his motion for reconsideration. Rather,

21  plaintiff disagrees with the Court's decision to reject his objections to the Findings and

22  Recommendations, adopt the Findings and Recommendations, and dismiss this action. A motion

23  for reconsideration is not a vehicle by which to make additional objections to the Findings and

24  Recommendations or to argue one's disagreement with the Court's order. There are no grounds

25  supporting reconsideration.[1]

26  

27      [1] The Court notes that one of plaintiff's arguments in particular is not only without merit but appears to be
an intentional misrepresentation.  In his motion on page 2 at lines 7 through 10, plaintiff takes issue with the Court's

28  statement that he could have sought an extension of time and asserts that he was unaware that he could have sought
an extension of time.  Although ultimately irrelevant because plaintiff's ignorance of the various procedural options

Accordingly, it is HEREBY ORDERED that:

1.     Plaintiff's motion for reconsideration, filed April 5, 2006, is HEREBY DENIED, WITH PREJUDICE.

2.     This action has been dismissed, and therefore, the Court will not review plaintiff's proposed amended complaint.  The Clerk's Office shall return plaintiff's proposed amended complaint to him.  If plaintiff again submits his amended complaint in this case, the Court will not again extend plaintiff the courtesy of returning it.

3.     <u>This Court will consider no further motions by plaintiff seeking relief from the dismissal of this action.</u>  <u>Any further motions filed by plaintiff not related to a properly filed appeal will not be considered and will not receive any response from the Court.</u>

IT IS SO ORDERED.

**Dated:    April 20, 2006              _____/s/ Oliver W. Wanger_____**
emm0d6                                          UNITED STATES DISTRICT JUDGE

---

under the the law would not have compelled a different conclusion, the Court takes judicial notice of case number CV-F-99-6310-OWW-SMS-P <u>Matthews v. Jordan</u>, in which plaintiff filed several motions seeking an extension of time.  (Docs. 23, 39.)  Thus, plaintiff's assertion that he was unaware of this option appears to have been made in bad faith.

3